UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NEUROGRAFIX, a California corporation; NEUROGRAPHY INSTITUTE MEDICAL ASSOCIATES, INC., a California corporation; and IMAGE-BASED SURGICENTER CORPORATION, a California corporation, 2716 Ocean Park Boulevard Suite 3075 Santa Monica, CA 90405-5207<br><br>    Plaintiffs,<br><br>vs.<br><br>THE JOHNS HOPKINS UNIVERSITY, a Maryland corporation; Charles & 34th Street Baltimore, MD 21218<br><br>  Serve On: Stephen S. Dunham<br>      Resident Agent<br>      3400 N. Charles St.<br>      113 Garland Hall<br>      Baltimore, MD 21218<br>and<br><br>THE JOHNS HOPKINS HOSPITAL, a Maryland corporation, 600 North Wolfe Street Baltimore, MD 21205<br><br>  Serve On: JoAnne Pollak, Esq.<br>      Resident Agent<br>      Administration 414<br>      600 N. Wolfe St.<br>      Baltimore, MD 21205<br><br>    Defendants. | Civil Action No.: |

**COMPLAINT FOR PATENT**
**INFRINGEMENT AND DEMAND FOR JURY TRIAL**

Plaintiffs NeuroGrafix, Neurography Institute Medical Associates, Inc. ("NIMA"), and Image-Based Surgicenter Corporation ("IBSC") (collectively, "Plaintiffs") allege as follows:

1

1. This case is an action for patent infringement of United States Patent No. 5,560,360 (the "'360 Patent") under the Patent Laws of the United States, as set forth in 35 U.S.C. §§271 and 280 through 285.

## PARTIES

2. Plaintiff NeuroGrafix is a California corporation with its principal place of business located at 2716 Ocean Park Boulevard, Suite 3075, Santa Monica, California.

3. Plaintiff Neurography Institute Medical Associates, Inc. ("NIMA") is a California corporation with its principal place of business in Santa Monica, California.

4. Plaintiff Image-Based Surgicenter Corporation ("IBSC") is a California corporation with its principal place of business in Santa Monica, California.

5. On information and belief, defendant The Johns Hopkins University is a Maryland corporation with its principal place of business located at Charles & 34th Street, Baltimore, MD 21218.

6. On information and belief, defendant The Johns Hopkins Hospital is a Maryland corporation with its principal place of business located at 600 North Wolfe Street, Baltimore, MD 21205.

7. The John Hopkins University and The Johns Hopkins Hospital are collectively referred to as "Defendants." On information and belief, Defendants collectively work together to offer the infringing products and services described below.

## JURISDICTION AND VENUE

8. This Court has federal subject matter jurisdiction over this action under 28 U.S.C. §§1331, 1332(a)(1), 1332(c)(1) and 1338(a).

9. Venue is proper in this Court pursuant to 28 U.S.C. §§1391(a), 1391(c), and 1400(b), including without limitation because Defendants are advertising, marketing, using, selling, and/or offering to sell products in this Judicial District.

## BACKGROUND

10. The University of Washington, a public institution of higher education in the state of Washington, is the owner by assignment of the '360 Patent entitled "Image Neurography and Diffusion Anisotropy Imaging." The '360 Patent issued on October 1, 1999. A true and correct copy of the '360 Patent is attached as Exhibit A.

11. Aaron G. Filler, Jay S. Tsuruda, Todd L. Richards, and Franklyn A. Howe are listed as the inventors of the '360 Patent.

12. Washington Research Foundation ("WRF"), a not-for-profit corporation incorporated and existing under the laws of the State of Washington, holds substantially all rights in the '360 Patent and has exclusively licensed substantially all rights in the '360 Patent to NeuroGrafix in December of 1998.

13. NeuroGrafix, NIMA and IBSC have been investing in and practicing the technology disclosed in the '360 Patent since at least 2000.

14. Defendants have known about the '360 Patent since, on information and belief, at least 2001. In 2003, Defendants were granted U.S. Patent No. 6,526,305 (the "'305 Patent"), entitled "Method of Fiber Reconstruction Employing Data Acquired By Magnetic Resonance Imaging." During the prosecution of the '305 Patent, according to the face of the patent, the examiner cited the '360 Patent as prior art. The only office action mailed by the examiner during the prosecution of the '305 Patent was mailed on September 25, 2001.

3

15. On information and belief, Defendants were aware of the '360 Patent well before 2001. In or around 1996, a faculty member of Defendants contacted Dr. Filler to express interest in Magnetic Resonance Neurography. During the following years, including after the formation of NeuroGrafix and NIMA, additional contacts took place in which faculty members of Defendants expressed interest in providing high quality neurography services for its patients.

16. Additionally, in December of 2009, NeuroGrafix wrote to Defendants' to inform them of their infringement of the '360 Patent and to inquire as to whether Defendants were interested in negotiating a license. NeuroGrafix received a letter from counsel for Defendants indicating that they would investigate and respond, but no further correspondence was received.

17. Defendants were therefore aware of the '360 Patent since at least as early as 2001 and likely were aware of the '360 Patent well before that.

## COUNT I
## PATENT INFRINGEMENT

18. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 17 above, inclusive, as if fully repeated and restated herein.

19. Defendants have been and still are directly (literally and under the doctrine of equivalents) infringing at least claims 1 and 36 of the '360 Patent by making, using, selling, offering to sell, or importing, without license or authority, products and services that include, without limitation, the performance of MR Neurography, DTI and diffusion anisotropy based tractography using non-Siemens equipment and software, and Defendants' manufacture, use, sale, offer for sale or importation of Defendants' DTI Studio and MRI Studio software products. Thus, by making, using, importing, offering for sale, and/or selling such products and software, Defendants have injured Plaintiffs and are thus liable to Plaintiffs for infringement of the '360 Patent under 35 U.S.C. § 271(a).

20. Defendants have also been and still are indirectly infringing, by way of inducing infringement by others of the '360 Patent, by, among other things, providing courses and seminars inducing others to infringe at least claims 1 and 36 of the '360 Patent by performing, without license or authority, MR Neurography, DTI and diffusion anisotropy based tractography using non-Siemens equipment and software. *See* Exhibit B (DTI Studio email); Exhibit C (Neurography seminar). Additionally, Defendants have also been and still are indirectly infringing, by way of inducing infringement by others of the '360 Patent, by, among other things, manufacturing, using, selling, offering for sale or importing Defendants' DTI Studio and MRI Studio software products that induce others to infringe at least claims 1 and 36 of the '360 Patent. *See, e.g.*, https://www.mristudio.org/, http://www.hopkinsmedicine.org/psychiatry/research/neuroimaging/research_methods/diffusion_tensor.html, http://www.hopkinsortho.org/musculoskeletal_mri.html. Defendants' courses, seminars and products induce direct infringement of at least claims 1 and 36 of the '360 Patent by, for example, hospitals, radiologists, technologists and others. Defendants induce their customers to directly infringe by inducing or encouraging the use of their products and software to perform MR Neurography, DTI and diffusion anisotropy based tractography. Since at least 2001, and likely earlier, Defendants have had knowledge of the '360 Patent and, by continuing the actions described above, have had the specific intent to, or should have known that their actions would, induce infringement of the '360 Patent. Thus, by making, using, importing, offering for sale, and/or selling such products and software, Defendants have injured Plaintiffs and are thus liable to Plaintiffs for infringement of the '360 Patent under 35 U.S.C. § 271(b).

21. Defendants have also been and still are indirectly infringing, by way of contributing to the infringement by others of the '360 Patent, by, among other things, making,

using, importing, offering for sale, and/or selling, without license or authority, products and services, including without limitation, Defendants' manufacture, use, sale, offer for sale or importation of Defendants' DTI Studio and MRI Studio software products. These products are used in infringing products and services made, used, imported, offered for sale, and/or sold by direct infringers of the '360 Patent in the United States, such as hospitals, radiologists and others. Defendants induce their customers to directly infringe by inducing or encouraging the use of their products and software to perform MR Neurography, DTI and diffusion anisotropy based tractography. *See, e.g.*, https://www.mristudio.org/, http://www.hopkinsmedicine.org/psychiatry/research/neuroimaging/research_methods/diffusion_tensor.html, http://www.hopkinsortho.org/musculoskeletal_mri.html. Defendants' accused products and software, are a material part of the invention, and are especially made or especially adapted for use in the infringement of '360 Patent and are not a staple article or commodity of commerce suitable for substantial noninfringing uses. Since at least 2001, and likely earlier, Defendants have had knowledge of the '360 Patent and have had the specific knowledge that the combination of its software and computer systems described above infringe the '360 Patent. Thus, by making, using, importing, offering for sale, and/or selling such products and software, Defendants have injured Plaintiffs and are thus liable to Plaintiffs for infringement of the '360 Patent under 35 U.S.C. § 271(c).

22. As a result of Defendants' continuing use of the claimed invention after receiving notice of the '360 Patent, Defendants are willfully infringing the '360 Patent.

23. As a result of Defendants' infringement of the '360 Patent, Plaintiffs have suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

24. Defendants' wrongful acts have damaged and will continue to damage Plaintiffs irreparably, and Plaintiffs have no adequate remedy at law for those wrongs and injuries. In addition to their actual damages, Plaintiffs are entitled to a permanent injunction restraining and enjoining Defendants and their agents, servants and employees, and all persons acting thereunder, in concert with, or on their behalf, from infringing the '360 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter:

1. A judgment in favor of Plaintiffs that Defendants have infringed, directly and/or indirectly, by way of inducing and/or contributing to the infringement of the '360 Patent;

2. An injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert or privity with any of them from infringing, inducing the infringement of, or contributing to the infringement of the '360 Patent;

3. A judgment and order requiring Defendants to pay Plaintiffs their damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '360 Patent as provided under 35 U.S.C. § 284;

4. An award to Plaintiffs for enhanced damages, as provided under 35 U.S.C. § 284, resulting from the knowing, deliberate, and willful nature of Defendants' prohibited conduct;

5. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiffs their reasonable attorneys' fees; and

6. Any and all other relief to which Plaintiffs may show themselves to be entitled.

## JURY TRIAL DEMANDED

Plaintiffs hereby demand a trial by jury of all issues so triable.

Dated: July 23, 2012               /s/
                                   _____
                                   Matthew G. Hjortsberg (#024949)
                                   hjortsberg@bowie-jenson.com
                                   Joshua A. Glikin (#26852)
                                   glikin@bowie-jensen.com
                                   BOWIE & JENSEN, LLC
                                   29 W. Susquehanna Avenue
                                   Suite 600
                                   Towson, Maryland 21204
                                   Phone: (410) 583-2400
                                   Facsimile: (410) 583-2437

                                   *Counsel for Plaintiff*